# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **In re:** | |
| **Chad M. Stone** | Case No. 24-50671 (AMK) |
| **Debtor** | Chapter 7 |
| | Judge Alan M. Koschik |
| **Andrew R. Vara,**<br>**United States Trustee, Region 9** | Adv. Pro. No. |
| **Plaintiff** | |
| v. | |
| **Chad M. Stone** | |
| **Defendant** | |

**COMPLAINT TO DENY DISCHARGE OF CHAD M. STONE PURSUANT TO 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4)(A), AND (a)(5)**

Now comes Andrew R. Vara, the United States Trustee for Region 9, and hereby brings this action pursuant to 11 U.S.C. 727 to deny the discharge of Chad M. Stone (the "Defendant"). In support, the United States Trustee respectfully states:

## PARTIES

1. Plaintiff Andrew R. Vara is the United States Trustee ("United States Trustee") appointed for Region 9 and has standing to bring this proceeding to deny the discharge of Defendant.

2. Debtor Chad M. Stone (the "Defendant") is the Defendant in this case.

## JURISDICTION

3. This is an adversary proceeding in which the United States Trustee seeks denial of the discharge of Defendant under 11 U.S.C. § 727 and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Referral of Title 11 Matters in the U.S. Bankruptcy Court for the Northern District of Ohio," entered under Order No. 2012-7. It is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper in this Court as provided in 28 U.S.C. § 1409.

6. The deadline for filing a complaint objecting to discharge has been extended through and including January 10, 2025. Docket No. 33. Therefore, this complaint is timely filed pursuant to Bankruptcy Rules 4004(a) and (b).

7. The United States Trustee consents to the entry of a final order or judgment by the Bankruptcy Court.

## FACTS

**Bankruptcy Petition, Schedules, Statement of Financial Affairs**

8. On May 7, 2024, the Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Docket No. 1. Melissa M. Macejko ("Chapter 7 Trustee") was appointed as the chapter 7 trustee and the initial meeting of creditors in accordance with 11 U.S.C. § 341 was scheduled for June 10, 2024. Docket No. 5. The Defendant's bankruptcy petition states his debts are primarily business debts. Docket No. 1 at 6.

9. The Defendant filed an ECF Declaration on May 7, 2024 declaring, in part, that "the information I have given my attorney, and the information provided in the electronically filed

petition, statements, and schedules, as well as in any other documents that must contain original signatures, is true, correct, and complete." Docket No. 3.

10. On May 7, 2024, the Defendant signed his petition, schedules, and statements. Docket No. 1 at 6, 54, 61. In signing his bankruptcy petition, the Defendant stated, "I declare under penalty of perjury that the information provided is true and correct." *Id.* at 6. In signing his bankruptcy schedules, the Defendant stated, "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." *Id.* at 54. In signing the *Statement of Financial Affairs* ("SOFA") the Defendant stated, in part, "I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct." *Id.* at 61. The Defendant filed or caused to be filed the schedules and SOFA with his electronic signature on May 7, 2024.

11. The Defendant's bankruptcy petition identified other names he had used in the last eight years: FDBA Instant Rehab Ohio, LLC ("Instant Rehab"); FDBA Stone's Construction and Remodeling, LLC ("Stone's Construction"); and FDBA Chad Stone Custom Construction, LLC ("Stone Custom"). Docket No. 1 at 1.

12. The Defendant's bankruptcy petition stated he resided at 5210 Kaylin Drive, New Franklin, Ohio 44319. Docket No. 1 at 2. The Defendant's SOFA indicated he had not lived anywhere else in the last three years. *Id.* at 55.

13. The Defendant's *Schedule A/B: Property* ("Schedule A/B") disclosed that the Defendant had no interests in real property and interests in personal property totaling $39,760 including four vehicles with a total value of $37,000, a checking account at KeyBank valued at $10, a checking account at First Federal Bank of Lakewood valued at $1,000 and three businesses. Docket No. 1 at 10-14.

3

14. Schedule A/B stated the Defendant owned 100% of Instant Rehab, Stone's Construction, and Stone Custom. *Id.* at 12. The Defendant listed a value for each of these businesses on Schedule A/B as $0. *Id.*

15. The SOFA requires a debtor to disclose connections to any businesses the debtor had in the last four years.

16. In response, the Defendant listed Stone's Construction, described as engaged in the business of construction and remodeling, from March 25, 2015 to January 1, 2024. *Id.* at 60. The Defendant also set forth his interest in Instant Rehab, which rehabilitated residential properties, from June 11, 2020 to January 1, 2024.

17. Besides these two businesses and Stone Custom, which was also listed on Schedule A/B, the Defendant did not identify any other business entities in which he had an interest or connection.

18. The Defendant's *Schedule D: Creditors Who Have Claims Secured by Property* ("Schedule D") lists two secured claims totaling $61,420 related to the Defendant's GMC Savannah and a Jeep Cherokee. Docket No. 1 at 17.

19. The Defendant's *Schedule E/F: Creditors Who Have Unsecured Claims* ("Schedule E/F") lists priority unsecured claims totaling $8,417 and general unsecured claims in the amount of $1,886,300.23. Docket No. 1 at 19-47. The priority unsecured claims include an obligation due the Internal Revenue Service in the amount of $7,681 incurred in 2023. *Id.* at 19. The general unsecured debts are identified, in part, as trade debt, credit card purchases, business loans and personal guarantees. *Id.* at 19–42.

20. The general unsecured creditors on Schedule E/F include the U.S. Small Business Administration owed $577,267.59 for a personal guarantee; Nolan Hilbruner owed $305,000

arising from a business claim; JAG Enterprises, LLC owed $232,000 for a business loan; Dugger Acquisitions LLC owed $167,000 for a business loan; and Danny Hutchinson owed $130,000 for a personal loan. *Id.* at 28, 29, 32, 35, 41.

21. Based upon these claims, the Defendant secured well in excess of $1.2 million in loan proceeds from creditors.

22. The Defendant's *Schedule I: Your Income* ("Schedule I") states the Defendant is unemployed and has no income. Docket No. 1 at 50-51.

23. In response to SOFA question #4, the Defendant discloses he earned $0 in income from January 1, 2024 to his bankruptcy petition date, May 7, 2024. *Id.* at 55. The Defendant also states he earned $123,837 in 2023 and $181,802 in 2022 from operating a business. *Id.* at 55-56.

24. In response to SOFA question #5, the Defendant disclosed he earned $124,712 in 2023 from the sale of business property. *Id.* at 56.

25. in response to SOFA question #15, the Defendant disclosed he sustained gambling losses of $102,468 in 2023. Docket No. 1 at 58.

26. The Defendant's *Schedule J: Your Expenses* ("Schedule J") lists total monthly expenses of $3,500. Docket No. 1 at 53.

27. The Defendant responded "no" to SOFA questions #13 and #14, which inquired if he made any gifts during the last two years in excess of $600 to any person or charity. Docket No. 1 at 58.

28. The Defendant also responded "no" to SOFA question #18, which inquired if he sold, traded or transferred any property during the last two years outside of the ordinary course of business or financial affairs. *Id.* at 58-59.

**Meeting of Creditors**

29.     **July 8, 2024 Testimony.**  The initially scheduled creditors meeting was adjourned to July 8, 2024.  The Defendant testified, under oath, on July 8, 2024 at the creditors' meeting conducted by the Chapter 7 Trustee.

30.     The Defendant testified that he still lived at the same residence that was listed on his bankruptcy petition.

31.     He testified that he was currently unemployed, had not been employed for four months, was self-employed, and during the last six years he had interests in Instant Rehab, Stone's Construction, and Stone Custom.

32.     The Defendant elaborated that Instant Rehab had not been operating since around 2022 and had no revenues since 2022 or 2023.

33.     The Defendant testified that his father started Stone's Construction in 1971, the Defendant took it over in 1995, and Stone's Construction ceased operating and closed its account around December 2023.

34.     The Defendant stated that Stone's Construction was changed to Stone Custom due to fraud committed by an employee and Stone Custom operated as dba Stone's Construction.

35.     The Chapter 7 Trustee adjourned the creditors' meeting after requesting additional information.

36.     **September 30, 2024 Testimony.**  After several continuances, the Chapter 7 Trustee conducted the adjourned creditors' meeting on September 30, 2024 after the Defendant produced some financial records to the Chapter 7 Trustee.

37.     The Defendant was reminded at the outset of the adjourned creditors' meeting that he remained under oath.

38. Marion Brosko, Bankruptcy Auditor for the United States Trustee, also participated and questioned the Defendant at the continued creditors' meeting.

39. Upon asking the Defendant about the ownership of his residence, the Defendant stated he lived in an apartment. The Defendant stated the address listed on his bankruptcy petition was his father's house where all of his business and personal mail is sent. The Defendant indicated he had lived in the apartment for six years located at 1267 Hunters Lake Drive, Cuyahoga Falls, Ohio.

40. Ms. Brosko specifically asked the Defendant if he had any business interests other than Instant Rehab, Stone's Construction, and Stone Custom. The Defendant responded, "no ma'am."

41. Later Ms. Brosko asked the Defendant about a business entity called Stones Remodeling and Design LLC ("Stones R&D").

42. The Defendant stated that Stones R&D was a new LLC opened in late 2023 to avoid creditors who provided cash advances to his other companies and were taking $3,000 a day from his account. The Defendant stated that Stones R&D is engaged in residential remodeling.

43. The Defendant also disclosed an interest in an entity called Ohio's Finest Construction and Remodeling LLC ("Ohio's Finest") that was formed on July 1, 2024 (postpetition).

44. He stated Ohio's Finest had one bank account and he was its sole member.

45. When asked why he did not disclose his interest in Ohio's Finest at the July 8, 2024 creditors' meeting, he stated his counsel told him he did not need to "bring anything in about the new LLC."

46. He stated he formed Ohio's Finest to do construction.

47. The Defendant was asked about gambling, and he testified that he is one of the top poker players in Northeast Ohio.

48. The Defendant stated if he did not gamble his "men would not have a job, and [he] would be homeless."

49. The Chapter 7 Trustee adjourned the creditors' meeting again so she and the United States Trustee could obtain additional information.

50. After further adjournments to obtain requested information, the Chapter 7 Trustee concluded the creditors' meeting on November 12, 2024, noting additional information would be sought through Fed. R. Bankr. P. 2004[1].

**United States Trustee's Investigation**

51. The United States Trustee has been in the process of investigating the Defendant's bankruptcy case. In the course of his investigation, the United States Trustee determined that the Defendant formed Stones R&D with the Ohio Secretary of State on August 23, 2023 for the purpose of remodeling residential homes. The Defendant was identified as Stones R&D's authorized member/manager/representative and statutory agent.

52. The Defendant did not disclose his interest in Stones R&D in his bankruptcy petition, schedules, and SOFA or at the creditors' meeting conducted on July 8, 2024.

53. The Defendant disclosed his interest in Stones R&D upon inquiry at the September 30, 2024 creditors' meeting.

54. Records of the Ohio Secretary of State also reflect that the Defendant formed a business called Stones Sports Cards and Collectibles LLC ("Stones Sports") on February 8, 2021

---

[1] The Chapter 7 Trustee called and adjourned the creditors' meeting a number of times without testimony. The Defendant testified only on July 8, 2024 and September 30, 2024.

with a stated purpose of "to engage in any lawful activity" and identified himself as the authorized member/manager/representative and statutory agent.

55. The Defendant did not disclose his interest in Stones Sports in his bankruptcy schedules or SOFA.

56. Records of the Ohio Secretary of State indicate that Ohio's Finest was formed postpetition on July 1, 2024 for the purpose of providing quality level remodeling services.

57. The Defendant identified himself as its authorized member/manager/representative and statutory agent of Ohio's Finest.

58. The Defendant did not disclose his interest in Ohio's Finest at the creditors' meeting conducted on July 8, 2024 but disclosed such interest in the creditors' meeting conducted on September 30, 2024.

59. On August 5, 2024 the United States Trustee informally requested documents from the Defendant including but not limited bank statements and check registers from April 1, 2023 through the present date from all business and personal bank accounts.

60. The Defendant provided the United States Trustee with some bank statements for various bank accounts including personal bank accounts located at First Federal Lakewood and KeyBank and an account in the name of Stones R&D at First Federal Lakewood account ending in x5613.

61. The Defendant also provided bank statements from an account ending in x0005 at KeyBank in the name of Instant Rehab from March 31, 2023 through December 31, 2023.

62. The bank statements provided reflected deposits in all of these accounts totaling approximately $260,000 from January 1, 2024 through July 1, 2024.

63. The bank statements provided for the First Federal Lakewood account ending in x5613 in the name of Stones R&D showed deposits totaling approximately $192,000 from January 1, 2024 through May 31, 2024.

64. The bank statements provided for the Defendant's personal account at First Federal Lakewood ending in x8153 showed deposits totaled approximately $37,000 from January 1, 2024 to the July 1, 2024.

65. The bank statements provided for the Defendant's personal account at KeyBank ending in x5835showed deposits totaling approximately $31,000 from January 1, 2024 through June 14, 2024.

66. The Defendant's 2023 tax return reflects both gambling winnings of $102,468 and losses of $102,468.

67. The Defendant's 2022 tax return reflects gambling winnings of $143,362 and losses of $143,362.

68. The bankruptcy court entered an *Order Granting Motion for Authority to Conduct 2004 Examination of Chad M. Stone and Request for Production of Documents* ("the 2004 Order") on December 7, 2024 directing the Defendant, in part, to produce documents set forth on Exhibit A attached to the 20024 Order by December 5, 2024. Docket No. 38.

69. Exhibit A attached to the 2004 Order contained 16 requests. *Id.*

70. The Defendant provided documents in response to Exhibit A item #16 related to personal and business tax returns.

71. The Defendant did not respond to Exhibit A requests #1-15 including those related to the Defendant's business interests; personal and business financial account statements that had not previously been produced; documentation substantiating the source of delineated deposits and

the expenditure of identified withdrawals reflected on financial account statements that were produced; documentation substantiating the expenditure of loan proceeds from creditors Dugger Acquisitions LLC, Jag Enterprises, LLC, Nolan Hilbruner, and the U.S. Small Business Administration; and gambling win/loss records.

72. Rather, the Defendant's attorney indicated to the United States Trustee that he provided the documents in his possession and had yet to receive documents from the Defendant.

73. The United States Trustee avers that without the documents the Defendant was directed to produce in the 2004 Order, the United States Trustee is unable verify the accuracy of the Defendant's disclosures and testimony in his bankruptcy case regarding his employment, income, prepetition transactions, and the extent of his business interests and their operations.

**Administration of Bankruptcy Estate**

74. On August 9, 2024, Nolan Hilbruner filed a complaint against the Defendant seeking the denial of discharge of his debt under 11 U.S.C. § 523 based upon the Defendant's false and fraudulent representations and the Defendant's misappropriation and embezzlement of funds (the "Nolan Adversary"). Adv. Pro. No. 24-05013.

75. The Nolan Adversary remains pending.

76. On December 26, 2024, the Chapter 7 Trustee filed a Trustee Initial Report indicating she is investigating the Defendant's business interests and transactions. Docket No. 41.

**COUNT I**

**Violation of 11 U.S.C. § 727(a)(2)(A) (Concealment)**

77. The allegations contained herein are hereby incorporated by reference with the same force and effect as if set forth fully herein.

78. Section 727(a)(2) provides:

> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>> (B) property of the estate, after the date of the filing of the petition.

79. **Stones R&D.** The Defendant held an interest in Stones R&D on the date he filed his bankruptcy petition. The Defendant failed to disclose such interest on his bankruptcy Schedule A/B and the SOFA.

80. The Defendant admitted he formed Stones R&D to avoid creditors.

81. The Defendant's formation of Stones R&D, failure to disclose his interest in Stones R&D, and testimony at the September 30, 2024 creditors' meeting related to Stones R&D demonstrate the Defendant intentionally concealed his interest in Stones R&D with the intent to hinder or delay a creditor and/or officer of the estate. As a result, the Defendant is in violation of 11 U.S.C. § 727(a)(2) and his discharge should be denied.

82. **Income.** The Defendant stated in bankruptcy Schedule I and SOFA that he was unemployed and earned no income from January 1, 2024 through his bankruptcy filing date of May 7, 2024.

83. The deposits reflected in the bank statements provided by the Defendant including those for his personal accounts and Stones R&D and statements on his Schedule I and SOFA regarding his employment and income earned from January 1, 2024 to May 7, 2024 demonstrate the Defendant intentionally concealed income earned prepetition and postpetition. As a result, the Defendant's discharge should be denied under 11 U.S.C. § 727(a)(2).

84. **Stones Sports.** The Defendant had an interest in Stones Sports on the petition date. The Defendant failed to disclose such interest on his Schedule A/B and SOFA. The circumstances surrounding the Defendant's bankruptcy case demonstrate the Defendant concealed his interest in Stones Sports with the intent to hinder or delay a creditor and/or officer of the estate. Accordingly, the Defendant's discharge should be denied under 11 U.S.C. § 727(a)(2).

## COUNT II

### Violation of 11 U.S.C. § 727(a)(3) (Concealment and/or Failure to Keep or Preserve Records)

85. The allegations contained in the paragraphs above are hereby incorporated by reference with the same force and effect as if set forth fully herein.

86. Section 727(a)(3) provides:

(a) The court shall grant the debtor a discharge, unless—
> . . . .
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case[.]

87. The United States Trustee avers that the Defendant concealed and/or failed to keep or preserve records related to his financial conditions as requested by the United States Trustee, including business records, bank statements, and gambling-win/loss documentation.

88. The Defendant failed to keep or preserve information from which his financial condition and business transactions might be ascertained, and the Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

## COUNT III

### Violation of 11 U.S.C. § 727(a)(4)(A) (False Oaths)

89. The allegations contained in the paragraphs above are hereby incorporated by reference with the same force and effect as if set forth fully herein.

90. Section 727(a)(4)(A) provides:

(a) The court shall grant the debtor's discharge, unless—
. . . .
(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account.

91. **Residence:** The Defendant knowingly and fraudulently made a false oath on his bankruptcy petition by failing to disclose the accurate location of his residence.

92. The Defendant knowingly and fraudulently made a false oath on his SOFA by affirming he had not lived anywhere other than where he currently lived during the last three years.

93. **Stones R&D.** The Defendant knowingly and fraudulently made a false oath on his Schedule A/B by failing to disclose his interest in Stones R&D.

94. The Defendant knowingly and fraudulently made a false oath on his SOFA by failing to list his connection with Stones R&D.

95. **Income.** The Defendant knowingly and fraudulently made a false oath on his Schedule I by failing to disclose income.

96. The Defendant knowingly and fraudulently made a false oath on his SOFA by failing to disclose income he derived during 2024.

97. **Stones Sports.** The Defendant knowingly and fraudulently made a false oath on his Schedule A/B and/or SOFA by failing to disclose his interest in Stones Sports.

98. **ECF Declaration.** The Defendant knowingly and fraudulently made a false when he affirmed in the ECF Declaration under penalty of perjury that the information included in the

bankruptcy petition, statements, schedules, and any other documents that must contain signatures was true, correct, and complete.

99. The Defendant's false oaths, individually and collectively, constitute false oaths that were made intentionally or with a "reckless disregard for the truth," which the Sixth Circuit has ruled is a sufficient level of intent to support a denial of discharge pursuant to section 727(a)(4)(A). *See Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685–86 (6th Cir. 2000).

100. The Defendant knowingly and fraudulently made false oaths in or in connection with his bankruptcy case, and the Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT IV

### Violation of 11 U.S.C. § 727(a)(5) (Failure to Explain Loss of Assets)

101. The allegations contained in paragraphs above are incorporated by reference with the same force and effect as if set forth fully herein.

102. Section 727(a)(5) provides for the denial of a bankruptcy discharge if:

> the debtor has failed to explain satisfactorily… any loss of assets or deficiency of assets to meet the debtor's liabilities.

103. The Defendant has failed to satisfactorily explain his loss or deficiency of over $1.2 million in loans from creditors which he seeks to discharge in his chapter 7 bankruptcy proceeding. Although the Defendant was ordered to produce records demonstrating the date loans were incurred from Dugger Acquisitions, JAG Enterprises, Nolan Hilbruner, and the U.S. Small Business Administration, the amount of such loans, and accounting for the proceeds for such loans, he has failed to do so.

104. As a result, the Defendant's discharge should be denied under 11 U.S.C. § 727(a)(5).

**WHEREFORE**, the United States trustee asks this Court to deny Defendant's discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4)(A), and (a)(5).

                    Respectfully submitted,

                    Andrew R. Vara
                    United States Trustee Region 9

                    /s/ Amy L. Good
                    Amy L. Good (0055572)
                    U.S. Department of Justice
                    Office of the United States Trustee
                    H.M. Metzenbaum U.S. Courthouse
                    201 E. Superior Ave., Suite 441
                    Cleveland, OH 44114-1240
                    (216) 522-7809
                    Amy.L.Good@usdoj.gov