This document was signed electronically on February 18, 2025, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: February 18, 2025



**ALAN M. KOSCHIK**
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | |
| Chad M. Stone | Case No. 24-50671 (AMK) |
| Debtor | Chapter 7 |
| | Judge Alan M. Koschik |
| Andrew R. Vara, United States Trustee, Region 9 | Adv. Pro. No. 25-05001 (AMK) |
| Plaintiff | |
| v. | |
| Chad M. Stone | |
| Defendant | |

**JOINT STIPULATIONS AND AGREED ORDER UPON COMPLAINT TO DENY DISCHARGE OF CHAD M. STONE PURSUANT TO 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4)(A), AND (a)(5) PROVIDING FOR THE WAIVER AND DENIAL OF CHAD M. STONE'S CHAPTER 7 BANKRUPTCY DISCHARGE UNDER 11 U.S.C. § 727(a)(10)**

Plaintiff, Andrew R. Vara, United States Trustee for Region 9 (the "United States Trustee") and Defendant/Debtor Chad M. Stone (the "Defendant"), by and through their undersigned counsel, have reached a resolution of the *Complaint to Deny Discharge of Chad M. Stone Pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4)(A), and (a)(5)* (the "Complaint") granting relief in favor of the United States Trustee and providing for the waiver and denial of the Defendant's chapter 7 bankruptcy discharge. Subject to Court approval, the Parties stipulate and agree as follows:

## RECITALS

The following recital and the facts set forth herein are hereby acknowledged and agreed to by the United States Trustee and the Defendant:

A. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and (b); 28 U.S.C. §§ 157; and 28 U.S.C. § 151, and General Order No. 2012 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).

B. Venue is proper pursuant to 28 U.S.C. § 1409.

C. On May 7, 2024, the Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the underlying bankruptcy case. Case No. 24-50671, Docket No. 1. Along with the Petition, the Defendant filed schedules of debts and liabilities and the Statement of Financial Affairs. *Id.*

D. The United States Trustee appointed Melissa M. Macejko to serve as the chapter 7 trustee. The Defendant testified at a meeting of creditors pursuant to 11 U.S.C. § 341 on July 8, 2024 and at an adjourned creditors' meeting conducted on September 30, 2024.

E. The United States Trustee filed the Complaint on January 10, 2025.

F. The Complaint, *Summons and Notice of Pretrial Conference* (the "Summons") and *Pretrial Order* were served on the Defendant on January 16, 2025. Docket No. 7.

G. The Summons provided for the Defendant to file an answer by February 12, 2025. Docket No. 4.

H. The Defendant has yet to file an answer to the Complaint.

I. The Defendant's counsel contacted the United States Trustee seeking to resolve the Complaint by stipulating and agreeing to a waiver and denial of his bankruptcy discharge.

J. The United States Trustee and the Defendant agree to the following stipulations:

## STIPULATIONS AND AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States Trustee and Defendant as follows:

1. By signing below, Defendant Chad Stone stipulates pursuant to 11 U.S.C. §727(a)(10) to a permanent waiver of his chapter 7 discharge from any debt that was listed or could have been listed on any schedules filed in his chapter 7 bankruptcy case no. 24-50671.

2. By signing below, Defendant Chad M. Stone represents that he is aware of and understands the consequences of a waiver of discharge in this bankruptcy case.

3. The Debtor specifically stipulates that 11 U.S.C. § 523(a)(10) will apply to any future bankruptcy proceeding in which he is a debtor. Section 523(a)(10) states in pertinent part:

> A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt [. . .] that was or could have been listed or scheduled by debtor in a prior case concerning the debtor under this title [. . .] in which the debtor waived discharge [. . .].

11 U.S.C. § 523(a)(10).

4. Nothing contained in this Agreed Order shall be construed to limit, impair, or otherwise affect the Parties' rights to enforce the terms of the Agreed Order.

5. By operation of 11 U.S.C. § 727(a)(10), the bankruptcy discharge is hereby ORDERED DENIED as to any debt that was scheduled in bankruptcy case no. 24-50671

as well as any debt that existed before the filing of the bankruptcy petition, and so could have been listed on the schedules in bankruptcy case no. 24-50671.

**IT IS SO ORDERED.**

###

**RESPECTFULLY STIPULATED AND AGREED TO BY:**

**Andrew R. Vara**
**United States Trustee, Region 9**

*/s/ Amy L. Good*
Amy L. Good (0055572)
Trial Attorney
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 E. Superior Ave., Ste. 441
Cleveland, Ohio 44114-1240
(215) 522-7809

Date: February 5, 2025


**Peter G. Tsarnas**
**Counsel for Chad M. Stone**

Peter S. Tsarnas (0076934)
Gertz & Rosen, Ltd
159 South Main Street, Suite 400
Akron, Ohio 44308
(330) 255-0735

Date: 2/14/25

**Defendant/Debtor**
**Chad M. Stone**

Chad M. Stone
5210 Kaylin Drive
New Franklin, Ohio 44319

Date: Feb 14 2025

# Certificate of Service

A copy of the foregoing *Joint Stipulation and Agreed Order* was served by either regular U.S. Mail, postage prepaid or through the Court's CM/ECF system to the following parties who are listed on the Court's Electronic Mail Notice List.

Served via electronic mail:

- Hunter G. Cavell     hcavell@cavelllaw.com
- Melissa M. Macejko     akrontr@suharlaw.com, mmm@trustesolutions.net;scampbell@suharlaw.com;mstewart@suharlaw.com
- United States Trustee     (Registered address)@usdoj.gov
- Peter G. Tsarnas     ptsarnas@gertzrosen.com, tsarnasp@hotmail.com;dmichna@gertzrosen.com;tsarnas.peterr102582@notify.bestcase.com

And by regular U.S. Mail, postage prepaid, to:

Chad M. Stone
5210 Kaylin Drive
New Franklin, Ohio 44319